UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5771-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in (1) performing a drug abuse and alcoholism ("DAA") analysis, (2) excluding fatigue at step two, and (3) assessing the medical opinion evidence. (Dkt. # 25 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1976; has a bachelor's degree and additional coursework in accounting; and has worked as a census enumerator, janitor, receptionist, tax preparer, and temporary worker. AR at 111, 368. Plaintiff was last gainfully employed in 2017. *Id.* at 112, 368.

ORDER - 1

In August 2016, Plaintiff applied for benefits, alleging disability as of December 31, 2013.[1] AR at 309-19. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 219-22, 225-32. After the ALJ conducted hearings in November 2018 and March 2019 (*id.* at 99-182), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-32.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

Step two: Plaintiff has the following severe impairments: polysubstance abuse, psychotic disorder, and bipolar disorder.

Step three: These impairments (including substance abuse) meet Listing 12.03. If Plaintiff stopped the substance abuse, her remaining impairments (psychotic disorder and bipolar disorder) would not meet or equal a listed impairment.[3]

Residual Functional Capacity ("RFC"): If Plaintiff stopped the substance abuse, she could perform a full range of work at all exertional levels with the following non-exertional limitations: she could perform simple, routine, repetitive tasks in a work environment free of fast-paced production requirements. She could perform work involving only simple work-related decisions, with few, if any, workplace changes. She could perform work that does not require contact with the public. She could have occasional superficial contact with co-workers, and perform work that does not require team tasks.

Step four: If Plaintiff stopped the substance abuse, she could not perform her past relevant work.

Step five: If Plaintiff stopped the substance abuse, she could perform jobs that exist in significant numbers in the national economy, and is therefore not disabled.

AR at 16-32.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to May 1, 2015. AR at 105.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 2.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Did Not Err in Performing a DAA Analysis

A claimant is not entitled to disability benefits "if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Therefore, where relevant, an ALJ must conduct a DAA analysis to determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must, first, identify disability under the five-step procedure and, second, conduct a DAA analysis to determine whether substance abuse was material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007).

In this case, the ALJ found that if Plaintiff's substance abuse was included, she would be found disabled at step three. AR at 20-21. The ALJ explained that if Plaintiff stopped the substance abuse, she would no longer meet or equal listing and her RFC would permit her to perform representative occupations that exist in significant numbers in the national economy. *Id*. at 22-31. Because Plaintiff would not be disabled if she stopped the substance abuse, the ALJ found Plaintiff's substance abuse to be a contributing factor material to the determination of disability. *Id*. at 31-32.

Plaintiff raises several challenges to the ALJ's DAA analysis. First, she argues that the ALJ's assessment of her functioning without substance abuse is not supported by substantial evidence. (Dkt. # 25 at 5-6.) This argument is not persuasive because the ALJ cited more than a

ORDER - 4

1   scintilla of evidence describing Plaintiff's reduced delusional symptoms during times of relative
2   abstinence from substances. *See* AR at 24 (citing *id*. at 495, 510-12, 516, 528, 532-37). The
3   ALJ's decision cites evidence showing that when Plaintiff increased her substance abuse, her
4   delusional symptoms increased. *See id*. at 24-27. The ALJ also cited evidence that Plaintiff had
5   not always been candid with her providers about the extent of her substance use, which
6   prevented her providers from rendering accurate opinions about her functioning. *Id*. at 24-25.
7   Plaintiff has therefore failed to show that the ALJ's findings regarding Plaintiff's functioning
8   without substance abuse are not supported by substantial evidence.
9         Plaintiff also asserts that the ALJ erred in failing to consider whether she would continue
10  to have severe impairments without substance abuse. (Dkt. # 25 at 5.) But the ALJ's decision
11  explicitly addresses this point, finding that Plaintiff's psychotic disorder and bipolar disorder
12  "remain even in the absence of substance use," but that these conditions would not meet or equal
13  a listing. AR at 21-23. These findings contradict Plaintiff's assertion that "the ALJ simply
14  concludes that substance abuse obliterates all of [her] impairments." (Dkt. # 25 at 7.) Thus,
15  Plaintiff has failed to show that the ALJ erred in this aspect of the DAA analysis.
16        Plaintiff also generally argues that because "no doctor says that [her] mental impairments
17  would improve, such to render her employable, without the use of alcohol or that it materially
18  contributes to all her impairments," the ALJ erred in concluding otherwise. (Dkt. # 25 at 6.) But
19  the medical expert who testified at the hearing, Nathan Strahl, M.D., Ph.D., did provide an
20  opinion regarding Plaintiff's functioning without substance use. *See* AR at 171-76. The ALJ
21  gave partial weight to Dr. Strahl's testimony, although she found that Plaintiff's limitations
22  remaining without substance abuse would be slightly more severe than Dr. Strahl indicated. *Id*. at
23

ORDER - 5

27-28. In light of this evidence, Plaintiff has not shown that the ALJ's materiality finding is based "simply on pure speculation." (Dkt. # 25 at 7.)

For all of these reasons, the Court finds that Plaintiff has failed to show error in any aspect of the ALJ's DAA analysis.

### B. The ALJ Did Not Err at Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).

In this case, the ALJ noted at step two that that the medical record contained a reference to "chronic fatigue", but that the record did not establish this condition as a medically determinable impairment. AR at 19 (citing *id*. at 862). Plaintiff points to other reports of fatigue in the record (dkt. # 25 at 18), but does not show that these reports of symptoms alone establish the existence of chronic fatigue syndrome diagnosis made by an acceptable medical source. Accordingly, the Court finds no error in the ALJ's exclusion of chronic fatigue at step two. *See* 20 C.F.R. §§ 404.1521, 416.921 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).").

To the extent that Plaintiff also argues that the ALJ erred in excluding her diagnoses of dissociative identity disorder (dkt. # 25 at 14), she has again failed to identify objective medical evidence from an acceptable medical source establishing the existence of this diagnosis. A

ORDER - 6

counselor such as Chad Beaver, LMFT, is not an acceptable medical source under the regulations applicable to this case. *See* Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Thus, Plaintiff has not shown that the ALJ erred in failing to include dissociative identity disorder at step two. *See* 20 C.F.R. §§ 404.1521, 416.921.

### C. Plaintiff has Not Shown That the ALJ Erred in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of opinions provided by various providers, and the Court will address each disputed opinion in turn.

#### 1. *Legal Standards*[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2. *Curtis G.G. Greenfield, Psy.D.*

In January 2018, Dr. Greenfield examined Plaintiff and completed a DSHS form opinion describing her symptoms and limitations. AR at 647-51. The ALJ gave partial weight to Dr. Greenfield's opinion, finding the moderate limitations he indicated (*id*. at 649) to be consistent with the record, but concluding that the marked limitations were based on Plaintiff's self-reports, which were inconsistent with other evidence in the record, and were also inconsistent with

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions, Plaintiff's briefing (dkt. # 25 at 9-10) notwithstanding.

Plaintiff's treatment record and self-reported activities. *Id*. at 29.

Plaintiff contends that the ALJ "chose to ignore [Dr. Greenfield's] medical evidence[,]" but this does not accurately represent the ALJ's decision, nor does Plaintiff address the specific reasons the ALJ cited for discounting Dr. Greenfield's opinion to some extent. (Dkt. # 25 at 8.) Because Plaintiff has failed to show that any of the ALJ's reasons for discounting Dr. Greenfield's opinion are erroneous, the Court does not disturb the ALJ's assessment of Dr. Greenfield's opinion.

### 3. Dr. Strahl

Plaintiff argues that the ALJ erred in crediting the hearing testimony from Dr. Strahl. (Dkt. # 25 at 11.) Plaintiff has failed to demonstrate that Dr. Strahl's opinion was contradicted by all of the evidence in the record, and thus has failed to show that the ALJ erred in crediting Dr. Strahl's opinion. *See Andrews*, 53 F.3d at 1041 ("[T]he report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

### 3. Mr. Beaver

Mr. Beaver, Plaintiff's treating therapist, provided statements in March 2018, January 2019, and March 2019, describing Plaintiff's symptoms and limitations. AR at 858-60, 1125-27, 1175-78. The ALJ summarized Mr. Beaver's statements, explaining that although they indicated progressively worsening limitations, his contemporaneous treatment notes did not corroborate that change. *Id*. at 29-30. The ALJ also discounted Mr. Beaver's opinions because he did not explain how he factored out the effects of Plaintiff's substance use, and the opinions were inconsistent with Plaintiff's self-reported activities and the opinion of an examining psychologist. *Id*. at 30.

Plaintiff argues that the ALJ failed to provide reasons for rejecting the marked limitations Mr. Beaver indicated (dkt. # 25 at 13), but that argument does not accurately reflect the ALJ's decision nor does Plaintiff show that any of the ALJ's stated reasons were erroneous. Because Plaintiff has failed to show that any of the ALJ's reasons for discounting Mr. Beaver's opinions are erroneous, the Court does not disturb the ALJ's assessment of Mr. Beaver's opinions.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 9th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge